POLK, PROBER & RAPHAEL, A LAW CORPORATION
LEE S. RAPHAEL, ESQUIRE, #180030
CASSANDRA J. RICHEY, #155721
DAVID F. MAKKABI, ESQUIRE, #249825
20750 Ventura Boulevard, Suite 100
Woodland Hills, California 91364
(818) 227-0100
(818) 227-0101 facsimile
cmartin@pprlaw.net
H.074-055A
Attorneys for Deutsche Bank National Trust Company,
as Trustee for First Franklin Mortgage Loan Trust 2006-FF5

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| In re | Bk. No. 1:08-bk-14725-GM |
|---|---|
| NORMAN LEFF and<br>ROSITA BLONES LABARDA LEFF, | Chapter 13 |
| Debtors. | DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL AND STATEMENT OF ISSUES ON APPEAL |

Deutsche Bank National Trust Company, as Trustee for First Franklin Mortgage Loan Trust 2006-FF5, ("Appellant") the appellant herein, respectfully submits the following Designation of Items to be Included in the Record on Appeal and Statement of Issues on Appeal in accordance with F.R. Bankr. P. 8006 ("Designation and Issues"), in connection with the appeal from the Bankruptcy Court's Order on Memorandum of Opinion ("Order") entered on April 28, 2009.

**Items Included in the Record on Appeal**

A. Records Regarding the Instant Case

    1.    Court Docket as of May 18, 2009.

    2.    Debtor's Voluntary Petition and related Documents and Schedules filed July 9, 2008.

    3.    Chapter 13 Plan filed July 9, 2008.

    4.    Appellant's Proof of Claim dated August 6, 2008 and the attached Deed of Trust, Adjustable Rate Rider, Planned Unit Development Rider, Prepayment Rider, Assignment of Deed of Trust, Adjustable Rate Note, Rider to Promissory Note, Prepayment Note Addendum, Interest Only Payment Period Addendum all dated December 22, 2005.

    5.    Appellant's Objections to Confirmation of Plan filed August 5, 2008.

    6.    Appellant's Objections to Confirmation of Plan filed August 6, 2008.

    7.    Debtor's Declaration re: Response to Objection to Proposed Chapter 13 Plan Filed by Deutsche Bank National Trust Company as Trustee for First Franklin Mortgage Loan and Trust; Memorandum of Points and Authorities; Declaration of Nancy B. Clark In Support Thereof filed on September 9, 2008.

    8.    Appellant's Brief in Support of Objections to Addendum Concerning Debtors who are repaying debt secured by a Mortgage on Real Property or a Lien on Personal Property the Debtors occupies as the Debtors' Principal Residence filed on October 7, 2008.

    9.    Amicus Brief in opposition to the addendum to chapter 13 plan concerning debtors who are repaying debt secured by a mortgage on real property or a lien on personal property the debtor occupies as the debtor's principal residence; with proof of service. Filed by Creditor Credit Union attorney on October 10, 2008.

10. Declaration of Phyllis Adkins opposition to the addendum to chapter 13 plan concerning debtors who are repaying debt secured by a Mortgage on Real property or a lien on personal property the debtor occupies as the Debtor's principal residence. Filed by Creditor Credit Union attorney on October 10. 2008.

11. Declaration of Lowell H. Stevens in opposition to the addendum to chapter 13 plan concerning debtors who are repaying debt secured by a mortgage on real property or a lien on personal property the debtor occupies as the debtor's principal residence. Filed by Creditor Credit Union attorney on October 10, 2008.

12. Appellant's Declaration of Lee S. Raphael in Support of Objections to Addendum concerning debtors who are repaying debt who are repaying debt secured by a Mortgage on Real Property or a Lien on Personal Property the Debtor occupies as the Debtor's Principal Residence Filed by Creditor Deutsche Bank National Trust Company as trustee for First Franklin Mortgage on October 28, 2008.

13. Debtor's Declaration of M. Erik Clark in Support of Confirmation of Debtors Chapter 13 Plan and in Support of the Chapter 13 Addendum to the Plan filed on November 6, 2008.

14. Appellant's Supplemental Brief in Support of Objection to Addendum to Chapter 13 Plan concerning Debtors who are repaying debt secured by a Mortgage on Real Property or a Lien on Personal Property the Debtors occupies as the Debtors' Principal Residence filed on January 22, 2009.

15. Debtor's Declaration re: Response to Supplemental Brief In Support of Objection to Addendum to Chapter 13 Plan Confirmation of Debtors' Chapter 13 Plan filed on February 5, 2009.

16. Order Re: Memorandum of opinion Signed on April 28, 2009.

17. Order on Memorandum of Opinion Signed on April 28, 2009.

18. Notice of Appeal BAP Court filed on May 8, 2009.

19. Order Confirming Chapter 13 Plan Signed on May 13, 2009.

20. Transcript of the Hearing on Chapter 13 Confirmation in re Herrera Case Number 1:08-bk-13212-KT and in re Leff Case Number 1:08-bk-14725-GM which took place on February 19, 2009 at 2:00 p.m. in Courtroom 304.

B.  Records Regarding the Related Case In Re Hannon Case Number 1:09-bk-11330-MT

21. Court Docket as of May 18, 2009.

22. Debtor's Voluntary Petition and related Documents and Schedules filed February 6, 2009.

23. Chapter 13 Plan filed February 6, 2009.

24. Appellant's Proof of Claim dated March 27, 2009.

25. Objections to Proposed Chapter 13 Plan and Confirmation Thereof filed March 27, 2009.

26. Debtor's Declaration re: Response to Objection to Proposed Chapter 13 Plan Filed by Weger Mortgage Corporation; Memorandum of Points and Authorities; Declaration of Nancy B. Clark IN Support Thereof filed on March 31, 2009.

27. Appellant's Amended Objection to Confirmation of Plan and Declaration in Support filed on April 13, 2009.

28. Transcript of the Hearing on Chapter 13 Confirmation in re Hannon, Case Number 1:09-bk-11330-MT, which took place on April 14, 2009 at 9:30 a.m.

29. Order Re: Memorandum of opinion Signed on April 28, 2009.

4

30. Order on Memorandum of Opinion Signed on April 28, 2009.

31. Notice of Appeal BAP Court filed on May 8, 2009.

32. Amended Proof of Claim and the attached Deed of Trust and Note, dated November 10, 2005, and Corporation Assignment of Deed of Trust, dated November 18, 2008, all filed May 18, 2009.

C. <u>Records Regarding the Related Case In Re Herrera Case Number 1:08-bk-13212-KT</u>

33. Court Docket as of May 18, 2009.

34. Debtor's Voluntary Petition and related Documents and Schedules filed May 16, 2008.

35. Chapter 13 Plan filed May 15, 2008.

36. Appellant's Proof of Claim dated May 28, 2008 and the attached Interest first Note, Deed of Trust, and Occupancy Rider all dated November 8, 2006.

37. Debtor's First Amended Plan with Addendum filed July 8, 2008.

38. Appellant's Objections to Amended Chapter 13 Plan filed August 13, 2008.

39. Debtor's Declaration re: Response to Objection to Proposed Chapter 13 Plan filed by Greenpoint Mortgage Funding, Inc.; Memorandum of Points and Authorities; Declaration of Nancy B. Clark in Support Thereof filed on September 9, 2008.

40. Appellant's Brief in Support of Objections to Addendum concerning Debtors who are repaying debt secured by a Mortgage on Real Property or a Lien on Personal Property the Debtor occupies as the Debtors' Principal Residence filed on October 7, 2008.

41. Brief [Amicus] in opposition to the Addendum to Chapter 13 Plan ; Filed by A Lysa Simon, Credit Union Attorney with proof of service on October 10, 2008.

42. Declaration of Phyllis Adkins in opposition to the Addendum to Chapter 13 Plan ; Filed by Credit Unions [TruGrocer Federal Credit Union] on October 10, 2008.

43. Declaration of Lowell H Stevens in opposition re: Filed by Credit Unions [Tulare County Federal Credit Union] on October 10, 2008.

44. Appellant's Declaration of Lee S. Raphael in Support of Objections to Addendum concerning debtors who are repaying debt who are repaying debt secured by a Mortgage on Real Property or a Lien on Personal Property the Debtor occupies as the Debtor's Principal Residence filed on October 28, 2008.

45. Debtor's Declaration of M. Erik Clark in Support of Confirmation of Debtors Chapter 13 Plan and in Support of the Chapter 13 Addendum to the Plan filed on November 6, 2008.

46. Appellant's Supplemental Brief in Support of Objection to Addendum to Chapter 13 Plan concerning Debtors who are repaying debt secured by a Mortgage on Real Property or a Lien on Personal Property the Debtors occupies as the Debtors' Principal Residence filed on January 22, 2009.

47. Debtor's Declaration re: Response to Supplemental Brief In Support of Objection to Addendum to Chapter 13 Plan Confirmation of Debtors' Chapter 13 Plan filed on February 5, 2009.

48. Appellant's Transfer of Claim Transfer Agreement 3001 filed on March 4, 2009.

49. Order Re: Memorandum of opinion Signed on April 28, 2009.

50. Order on Memorandum of Opinion Signed on April 28, 2009.

51. Notice of Appeal BAP Court filed on May 8, 2009.

52. Notice of referral of Appeal to BAP filed on May 12, 2009.

53. Transmittal / Appeal to Bankruptcy Appellate Panel filed on May 12, 2009.

54. Transcript of the Hearing on Chapter 13 Confirmation in re Herrera Case Number 1:08-bk-13212-KT and in re Leff Case Number 1:08-bk-14725-GM which took place on February 19, 2009 at 2:00 p.m. in Courtroom 303.

D. <u>Records Regarding the Related Case In Re Becerra Case Number 6:09-bk-12054-PC</u>

55. Transcript of the Hearing on Chapter 13 Confirmation in re Becerra, Case Number 6:09-bk-12054-PC, which took place on April 8, 2009 at 1:30 p.m. in Courtroom 304.

56. Order Confirming Chapter 13 Plan in re Becerra, Case Number 6:09-bk-12054-PC dated April 15, 2009 and entered on April 16, 2009.

### **Statement of Issues on Appeal**

Whether the bankruptcy court erred in Confirming a Chapter 13 Plan that includes the Addendum, which violates the Separation of Powers, imposes burdensome requirements on Appellant that are inconsistent with Acts of Congress, the terms of the subject loan and/or applicable state and federal law.

    a. Whether the requirement of Subsection (A)(2) to the Addendum detailing and altering what must be included in monthly statements imposes requirements on Appellant that violate the Separation of Powers, are inconsistent with Acts of Congress, the terms of the subject loan and/or applicable state and federal law.

    b. Whether the requirement of Subsection (A)(4) to the Addendum to provide coupon books to debtors if done so pre-petition imposes requirements on Appellant that

      violate the Separation of Powers, are inconsistent with Acts of Congress, the terms of the subject loan and/or applicable state and federal law.

c. Whether the requirement of Subsection (A)(5) to the Addendum detailing information that must be provided debtors upon written request imposes requirements on Appellant that violate the Separation of Powers, are inconsistent with Acts of Congress, the terms of the subject loan and/or applicable state and federal law.

d. Whether the requirement of Subsection (A)(6) to the Addendum requiring quarterly reporting (or more often if requested by a debtor or the Trustee in writing) imposes requirements on Appellant that violate the Separation of Powers, are inconsistent with Acts of Congress, the terms of the subject loan and/or applicable state and federal law.

e. Whether the bankruptcy court in entering the Chapter 13 Plan with Subsection (B)(3) to the Addendum, which creates a cause of action against a secured mortgage creditor for allegedly violating the mandates and requirement of the Addendum, violate the Separation of Powers, is inconsistent with Acts of Congress, the terms of the subject loan and/or applicable state and federal law.

f. Whether the requirement of Subsection (B)(4) to the Addendum, which requires a secured mortgage creditor to request that a debtor approve any variation from the Addendum, and if the Debtor doe not approve, secured mortgage creditor must file a motion with the Bankruptcy Court in order to have any variation from the Addendum granted, violates the Separation of Powers, imposes requirements on Appellant that

1  //

2  are inconsistent with inconsistent with the terms of the subject loan and/or applicable

3  federal law.

| | |
|---|---|
| Dated: May 18, 2009 | Polk, Prober & Raphael, A Law Corporation |
| | By /s/ Lee S. Raphael |
| | LEE S. RAPHAEL, ESQ. #180030 |
| | Attorneys for Appellant |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

The foregoing document described DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL AND STATEMENT OF ISSUES ON APPEAL will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On May 18, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Barry E Borowitz    notices@blclaw.com, ecf@blclaw.com; Michael E Clark    notices@blclaw.com, ecf@blclaw.com; Nancy B Clark    notices@blclaw.com, ecf@blclaw.com; Lee S Raphael    cmartin@pprlaw.net ; Cassandra J Richey    cmartin@pprlaw.net ; Elizabeth (SV) Rojas    cacb_ecf_sv@ch13wla.com; A Lysa Simon    culawyers@earthlink.net; United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On May 18, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____
I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*
☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 18, 2009 | David F. Makkabi | /s/ David F. Makkabi |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**II. Mailing List**

Honorable Geraldine Mund
U.S. Bankruptcy Court
12041 Burbank Blvd., Suite 342
Woodland Hills, CA 91367-6606
JUDGE'S COPY

Norman Leff
Rosita Blones Labarda Leff
2226 Compote Circle
Palmdale, CA 93551
Debtors

Barry E. Borowitz, Esquire, Attorney for Debtors
Borowitz, Lozano & Clark, LLP
100 North Barranca Avenue, Suite 250
West Covina, CA  91791-1600

Elizabeth F. Rojas, Chapter 13 Trustee
Noble Professional Center
15060 Ventura Blvd., Suite 240
Sherman Oaks, CA 91403

11